MORRISON WOOLEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9543.   Promulgated January 19, 1928.

*Harry A. Fellows, Esq.*, for the petitioner.

*Thos. P. Dudley, Jr., Esq.*, and *Harold D. Thomas, Esq.*, for the respondent.

OPINION.

ARUNDELL: On the face of the petition filed it appears that for the year 1919 respondent determined an overassessment not arising out of an abatement claim. We therefore have no jurisdiction for that year, *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255, and even though the question of jurisdiction was not raised by the respondent, it is our duty to dismiss the proceeding in so far as it relates to 1919. *Frost Superior Fence Co.*, 1 B. T. A. 1096.

The Commissioner seems to have proceeded on the theory that when goods were shipped there was a completed sale and that title did not revert in petitioner within the taxable year. This proposition, on its face, is unsound. Where goods are sold on sample there is an implied right in the buyer to compare the bulk with the sample and he is not deemed to have accepted them unless and until he has had reasonable opportunity to examine them. Sec. 47, Sales Act; Williston on Sales, 1924 Ed., p. 1767; §§ 97 and 128; Personal Property Law, Book 40, McKinneys Consolidated Laws of New York. Passing of title is largely a matter of the intent of the parties and where, as here, goods were sold on sample and the so-called sale was merely jotted down by

the salesman in his memorandum book, it is inconceivable that the buyer intended to take title before an examination of the goods. Some of the orders were taken for goods not at that time manufactured. Respecting such transactions, it is said in *Pope* v. *Allis*, 115 U. S. 363, 371, that:

When the subject matter of a sale is not in existence, or not ascertained at the time of the contract, an undertaking that it shall, when existing or ascertained, possess certain qualities, is not a mere warranty, but a condition, the performance of which is precedent to any obligation upon the vendee under the contract; because the existence of those qualities being part of the description of the thing sold becomes essential to its identity, and the vendee cannot be obliged to receive and pay for a thing different from that for which he contracted.

Further, it is said in that case (p. 372) :

And so, when a contract for the sale of goods is made by sample, it amounts to an undertaking on the part of the seller with the buyer that all the goods are similar, both in nature and quality, to those exhibited, and if they do not correspond the buyer may refuse to receive them, or if received, he may return them in a reasonable time allowed for examination, and thus rescind the contract. *Lorymer* v. *Smith*, 1 B. & C. 1; *Magge* v. *Willingsley*, 3 Ala. 679.

The authorities cited sustain this proposition, that when a vendor sells goods of a specified quality, but not in existence or ascertained, and undertakes to ship them to a distant buyer when made or ascertained, and delivers them to the carrier for the purchaser, the latter is not bound to accept them without examination. The mere delivery of the goods by the vendor to the carrier does not necessarily bind the vendee to accept them. On their arrival he has the right to inspect them to ascertain whether they conform to the contract, and the right to inspect implies the right to reject them if they are not of the quality required by the contract.

We think that in view of petitioner's method of handling orders and shipments, the shipments made were not completed sales properly accruable on petitioner's books as income in the year 1918.

The Commissioner makes some point of the fact that it is not shown that the goods were physically returned during the year 1918. Under both the common law and the sales act a buyer is not bound to return goods which he refuses to accept. *Grainger Bros. Co.* v. *G. Amsinch & Co.*, 15 Fed. (2d) 329, 332; Williston, *supra*, p. 1768; McKinney's New York Laws, *supra*, § 131.

It is further pointed out by the Commissioner that it was not shown that the goods were charged to the petitioner by its factor within the year. This was but a detail of bookkeeping, and, as we said in *Cleveland Woolen Mills* v. *Commissioner*, 8 B. T. A. 49:

Mere bookkeeping entries can not make sales from transactions which were in fact not sales or income from something which is in fact not income.

See also *Florence Mills, Inc.*, v. *Commissioner*, 9 B. T. A. 579.

We are of the opinion, from all the evidence, that the shipments of goods in 1918 invoiced at $23,306.83 were not in fact sales. The

amount thereof should accordingly be excluded from sales for that year.

No question is raised as to the figure of $12,579.01 at which the goods were taken into closing inventory for 1918 and we assume that it was correct.

*Judgment will be entered on 15 days' notice, under Rule 50.*